


SEYFARTH SHAW LLP
G. Daniel Newland (State Bar No. 087965)
Jennifer P. Svanfeldt (State Bar No. 233248)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
C&H SUGAR COMPANY, INC.
(erroneously sued as C&H Sugar Company)

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGAR WORKERS UNION LOCAL NO. 1, Plaintiff, v. C&H SUGAR COMPANY, Defendant. | Case No. C 07 2738<br>Contra Costa County Superior Court Case No. N07 0250<br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B)**<br>**(Federal Question Jurisdiction)** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF SUGAR WORKERS UNION LOCAL NO. 1 AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant C&H SUGAR COMPANY, INC. (erroneously sued as C&H Sugar Company) ("Defendant") hereby removes the above-captioned action to the United States District Court for the Northern District of California, based on the following facts:

1. On March 23, 2007, an action was commenced in the Superior Court of California, County of Contra Costa, entitled Sugar Workers Union Local No. 1 v. C&H Sugar Company, Case No. N07 0250 (Petition to Compel Arbitration). Defendant was personally served with a Petition to Compel Arbitration on May 14, 2007. A copy of the Petition and

supporting papers are attached as <u>Exhibit A</u> to this Notice of Removal. Because this Notice of Removal is filed within thirty days of service of the Petition on Defendants, removal is timely pursuant to 28 U.S.C. § 1446 (b) and Federal Rules of Civil Procedure 6(a).

2. As will be demonstrated below, the subject civil action necessarily arises under Section 301 of the Labor Management Relations Act (LMRA). As such, it is a case over which this Court has original jurisdiction under 28 U.S.C. § 1331, and removal is therefore appropriate under 28 U.S.C. § 1441.

3. At all relevant times, defendant C&H Sugar Company, Inc. ("C&H") has been, and is, a corporation whose primary business is the refinement, production, sale and distribution of sugar. As such, it has been, and is, a corporation "in commerce" and "in an industry affecting commerce" within the meaning of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

4. At all relevant times, the Sugar Workers Union Local No. 1 has been, and is a labor organization in which certain employees of C&H participate and which exists for the purpose of dealing with employees' grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work. At all relevant times, the Sugar Workers Union Local No. 1 has been, and is, a labor organization within the meaning of Section 2(5) and 30 (1)(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

5. At all relevant times during their employment with C&H, alleged grievants Franklin Wright and Tim Shelton (collectively, "the Grievants") were employed by C&H as a Process Technician and a Millwright respectively, and were thus, employees of a bargaining unit of C&H, which was represented for purposes of collective bargaining by the Sugar Workers Union Local 1. The Grievants cannot dispute their status as union members and in fact acknowledge the same at various points in their Petition (*e.g.*, Petition, ¶¶ 1, 3, 5, 6).

6. At all relevant times, the terms of the Grievants' employment with C&H was specifically governed by a Collective Bargaining Agreement ("CBA") entered into between C&H and the Sugar Workers Union Local No. 1. A true and correct copy of the CBA is

attached hereto as Exhibit B. At all relevant times, this CBA has been and is a contract between an employer and a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

7. Plaintiff's factual allegations include various types of conduct covered by the CBA. For example, Plaintiff alleges that a dispute exists over the interpretation and/or application of the CBA. (Petition, ¶¶ 19, 22). Plaintiff specifically alleges that Defendant is in violation of the CBA because it refuses to recognize the alleged grievances of Wright and Shelton. (Petition, ¶¶ 11, 16, 17, 18, 19). Thus, it is clear that the Petition involves a claim arising under § 301 of the LMRA, 29 U.S.C. § 185.

8. The LMRA confers federal jurisdiction in any suit between an employer and a labor union for violation of a collective bargaining agreement. *See* 29 U.S.C. § 185(a),(b); *K.V. Mart Co. v. United Food & Commercial Workers Int'l Union, Local 324*, 173 F.3d 1221, 1224-1225 (9th Cir. 1999). The preemptive force of Section 301 of the LMRA is such that it "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and the entire Complaint is removable to federal court. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1,23, 103 S.Ct. 2841 (1983) ("if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law"); *Associated Builders & Contractors, Inc. v. Local 302, IBEW*, 109 F.3d 1353, 1356 (9th Cir.1997); *Milne, supra*, 960 F.2d at 1406.

9. Because this lawsuit alleges a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, it is by definition, under Section 301 of the LMRA, (29 U.S.C. § 185), a suit arising under an act of Congress regulating commerce. As such, it is an action over which this Court has original jurisdiction, without respect to the amount in controversy and without regard to the citizenship of the parties. 29 U.S.C. § 185 and 28 USC § 1331.

10. Since this action under 29 U.S.C. § 185 is a suit involving claims of a right arising, if at all, under the laws of the United States, it may be removed to this Court under the provisions of 28 U.S.C. ¶¶ 1441(b) and 1446, without regard to the citizenship or residence of the parties.

11. Copies of all other pleadings, processes and orders filed in the State Court action (and not previously referenced), are attached to this Notice of Removal as Exhibit C.

12. Defendants, upon filing this Notice of Removal, are also filing a copy of the same with the clerk of the Superior Court of California, County of Contra Costa, to effect this removal in accordance with 28 U.S.C.§ 1446(d)

13. In the event the Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving Defendant (as well as Plaintiff) an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

DATED: May 24, 2007

SEYFARTH SHAW LLP

By Jennifer Svanfeldt
G. Daniel Newland
Jennifer P. Svanfeldt
Attorneys for Defendant
C&H SUGAR COMPANY, INC.

SF1 28284531.1 / 32900-000010