# EXHIBIT A

| | |
|---|---|
| 1 | WILL M. YAMADA, ESQ. (SBN 226669) |
|   | KATHLEEN N. MASTAGNI, ESQ. (SBN 244298) |
| 2 | **MASTAGNI, HOLSTEDT, AMICK,** |
|   | **MILLER, JOHNSEN & UHRHAMMER** |
| 3 | *A Professional Corporation* |
|   | 1912 I Street |
| 4 | Sacramento, California 95814 |
|   | Telephone:  (916) 446-4692 |
| 5 | Facsimile:  (916) 447-4614 |
| 6 | Attorney for Petitioner, |
|   | Sugar Workers Union Local No. 1 |

FILED
MAR 2̷2 2007

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____
S. HARBRECHT, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | | |
|---|---|---|
| SUGAR WORKERS UNION LOCAL NO. 1, | ) | No. **N07-0250** |
| | ) | |
| Petitioner, | ) | **PETITION TO COMPEL ARBITRATION** |
| | ) | |
| | ) | [Code of Civil Procedure §§ 1281 et seq.; |
| | ) | 29 United States Code § 152, et seq.] |
| C & H SUGAR COMPANY, | ) | |
| | ) | Date: June 8, 2007 |
| Respondent. | ) | Time: 8:30 a.m. |
| | ) | Dept: 16 |
| | ) | Judge: |

**TO THE HONORABLE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF CONTRA COSTA:**

The Petition for an Order Compelling Arbitration respectfully shows:

1. Sugar Workers Union Local No. 1 (hereinafter "Petitioner") is, and at all times mentioned herein was, a labor organization as defined under 29 U.S.C.A. § 152(5) of the National Labor Relations Act. Petitioner exists in part for the purpose of providing standards of wages, hours, and working conditions, and negotiating and executing collective bargaining agreements on behalf of employees in an appropriate collective bargaining unit.

2. C & H Sugar Company (hereinafter "Respondent") is a corporation in an industry affecting commerce within the meaning of § 301 of the Labor Management Relations Act and is

1  incorporated in, and doing business principally in the City of Crockett, County of Contra Costa, California and employs members of Petitioner.

3.  At all times material herein, Petitioner and Respondent have been parties to a written collective bargaining agreement to which each of the parties is bound. A copy of said collective bargaining agreement is attached to the Declaration of Will M. Yamada as **Exhibit A**[1], and incorporated herein by reference. The agreement includes a grievance procedure which includes binding arbitration.

4.  On or about October 10, 2006 Petitioner learned that Respondent had terminated Robert Tim Shelton. A copy of the Declaration of Jens Aagaard is attached to the Declaration of Will M. Yamada as **Exhibit B**, and incorporated herein by reference.

5.  Between approximately October 10, 2006 and October 25, 2006 Petitioner through its President Jans Aagard grieved the termination of Shelton. Aagaard grieved the termination to Shelton's supervisors. A grievance meeting was also held between Aagaard, Shelton, petitioner's business agent Lawrence Ross, and C&H's human resources director Kyle Stradleigh regarding Shelton's termination. The petitioners presented evidence and requested that Shelton be reinstated. Stradleigh told them the company would take the information under consideration. A written grievance claimed the termination was unfair and requested that Shelton be reinstated to work. A copy of the Declaration of Lawrence Ross is attached to the Declaration of Will M. Yamada, as **Exhibit C**, and incorporated herein by reference. A copy of said grievance is attached to the Declaration of Lawrence Ross as **Exhibit 1**, and incorporated herein by reference.

6.  In mid October of 2006, Petitioner learned that respondent had sent home Frank Wright indefinitely without pay. On or about October 23, 2006 Wright, Jens Aagaard, Lawrence Ross and Kyle Stradleigh had a grievance meeting regarding Wright's indefinite suspension. The petitioner requested Wright be reinstated immediately. Stradleigh told them that C&H was still investigating the case and had not yet decided what to do. **Exhibit B & C**.

---

[1] Although the attached contract has an expiration date of June 30, 2006, the terms of the contract are in full force and effect. The parties' current contract expires on June 30, 2009. The parties have not yet published this new agreement. All modifications to the current contract are also attached to Exhibit A.

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-2-

1  7. On or about October 31, 2006 Petitioner learned that Respondent had officially terminated Franklin Wright. **Exhibit C**.

8. Upon learning of the official termination of Wright, the Petitioner filed a written grievance with the Respondent's human resources department. The grievance claimed the termination was unfair and requested that Wright be reinstated to work. **Exhibit C**. A copy of said grievance is attached to the Declaration of Lawrence Ross as **Exhibit 2**, and incorporated herein by reference.

9. Between November 1, 2006 and December 14, 2006 the petitioner repeatedly requested a copy of Wright and Shelton's personnel file to properly represent them in their grievances. In the beginning of November 2006, the Respondent through their agent Kyle Stradleigh told the petitioner that they could only provide the personnel files with the written consent of the grievants. On November 8, 2006 the Petitioner obtained Shelton's written authorization to obtain a copy of his personnel file. On November 22, 2006 the Petitioner obtained Wright's written authorization to obtain a copy of his personnel file. The Petitioner provided the respondent copies of these written authorizations. The respondent failed to provide copies of the files. **Exhibit C**. A copy of the written authorization of Robert T. Shelton is attached to the Declaration of Will M. Yamada as **Exhibit D**, and incorporated herein by reference. A copy of the written authorization of Franklin Wright is attached to the Declaration of Will M. Yamada as **Exhibit E**, and incorporated herein by reference.

10. On or about December 14, 2006, the petitioner sent Respondent a written letter again asking for a copy of Wright and Shelton's personnel file. A copy of this request is attached to the Declaration of Will M. Yamada as **Exhibit F**, and incorporated herein by reference.

11. On or about December 18, 2006, the Respondent through their agent Stradleigh sent a letter to Petitioner claiming to have no knowledge of pending grievances for Wright and Shelton. Stradleigh's letter was disingenuous and contrary to the numerous discussions he had with Petitioner regarding the grievants' terminations. **Exhibit B & C**. A copy of Respondent's letter dated December 18, 2006 is attached to the Declaration of Will M. Yamada as **Exhibit G**, and incorporated herein by reference.

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-3-

12. On or about Decmeber 21, 2006, the Petitioner sent a written letter to Respondent regarding the grievances and the personnel files. Petitioner again reiterated the need for obtaining the files to represent its members in the grievances. A copy of said letter is attached to the Declaration of Will M. Yamada as **Exhibit H**, and is incorporated herein by reference.

13. On or about January 2, 2007, the Petitioner filed an unfair labor practice charge with the National Labor Relations Board for the respondent's refusal to provide the personnel files. A copy of the unfair labor practice charge is attached to the Declaration of Will M. Yamada as **Exhibit I**, and is incorporated herein by reference.

14. On or about January 31, 2007, the respondent provided Petitioner a copy of Wright and Shelton's personnel file. Respondent provided these files to avoid having a complaint issued against them by the National Labor Relations Board. **Exhibit C**.

15. On or about February 15, 2007, the Petitioner sent two letters to respondent regarding Wright and Shelton's cases. Petitioner requested respondent provide copies of any investigation conducted by the company leading to their termination of the grievants and confirmation that they had provided the entire personnel files. Copy of February 15, 2007 letters attached to the Declaration of Will M. Yamada as **Exhibit J**, and is incorporated herein by reference.

16. On or about February 23, 2007, the respondent sent Petitioner two letters refusing to provide copies of the investigations and again attempting to claim ignorance of the two grievances. Copy of February 23, 2007 letters, attached to the Declaration of Will M. Yamada as **Exhibit K**, and is incorporated herein by reference.

17. On or about February 28, 2007, the Petitioner sent a letter to respondent regarding Wright's grievance. In the letter, the Petitioner demanded the parties proceed to arbitration to resolve this issue as the parties were unable to resolve the grievance at the prior steps. Copy of February 28, 2007 letter, attached to the Declaration of Will M. Yamada as **Exhibit L**, and is incorporated herein by reference.

18. On or about March 1, 2007, the respondent sent Petitioner a letter refusing to go to arbitration over Wright's termination. Copy of March 1, 2007 letter, attached to the Declaration of Will M. Yamada as **Exhibit M**, and is incorporated herein by reference.

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-4-

19. From October 9, 2006 though the present a dispute has existed over the interpretation and/or application of the collective bargaining agreement and there has been and continues to be grievances pending for the termination of Wright and Shelton. **Exhibit B & C.**

20. Section XX of the collective bargaining agreement provides for a grievance procedure wherein the parties are bound to submit all disputes to an arbitrator empowered to make final and binding decisions. **Exhibit A.**

21. Since October 10, 2006 and continuing to the present, Petitioner has been willing and has sought to refer the disputes through the grievance procedure ultimately ending arbitration in accordance with the grievance and arbitration procedures provided for in the collective bargaining agreement. Respondent has refused and continues to refuse to submit the outstanding disputes to arbitration as required by the collective bargaining agreement. **Exhibit B & C.**

22. At all times material herein, Petitioner has complied with all the terms and conditions of said collective bargaining agreement. Respondent has failed and refused to comply, and still fails to comply with the said grievance and arbitration provisions of a collective bargaining agreement.

WHEREFORE, Petitioner prays that an Order of this Court be made pursuant to the provisions of Code of Civil Procedure Section 1281, et seq.; 29 United States Code 152, et seq., ordering Respondent to submit the outstanding disputes to the arbitration procedures set forth in the provisions of the collective bargaining agreement. Furthermore, Petitioner requests reasonable attorneys fees; costs; and such other and further relief as the Court deems just and proper.

Dated: March 23, 2007

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER

By: _____
WILL M. YAMADA
Attorney for Petitioner

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

-5-

## PROOF OF SERVICE

SHORT TITLE OF CASE: *Sugar Workers Union Local No. 1 v. C&H Sugar Company*

CASE NUMBER:    N07-0250 (Contra Costa County Superior Court)

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen years and not a party to the above-entitled action; my business address is 1912 I Street, Sacramento, California 95814.

On the date below, I served the following document(s):

- 1. CIVIL CASE COVER SHEET;
- 2. NOTICE OF HEARING ON PETITION TO COMPEL ARBITRATION;
- 3. PETITION TO COMPEL ARBITRATION
- 4. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION
- 5. [PROPOSED] ORDER TO COMPEL ARBITRATION
- 6. DECLARATION OF WILL M. YAMADA IN SUPPORT OF PETITION TO COMPEL ARBITRATION

addressed as follows:

Kyle Stradleigh
Human Resources Manager
C&H SUGAR COMPANY
830 Loring Avenue
Crockett, CA 94525

_____  **BY MAIL.** I caused such envelope, with postage thereon fully prepaid to be placed in the United States Mail at Sacramento, California.

__XX__  **BY PERSONAL SERVICE.** I caused such envelope to be delivered by hand to the offices of the person(s) listed above.

_____  **BY FACSIMILE TRANSMISSION.** I transmitted such document(s) by facsimile machine to the telephone number listed above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 14, 2007**, at Sacramento, California.

Pamela Estep