```
SEYFARTH SHAW LLP
G. Daniel Newland (SBN 087965) dnewland@seyfarth.com
Jennifer P. Svanfeldt (SBN 233248) jsvanfeldt@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
C&H SUGAR COMPANY, INC.
```

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGAR WORKERS UNION LOCAL NO. 1,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C&H SUGAR COMPANY, INC.,<br><br>　　　　Defendant. | Case No. C 07-2738 EMC<br><br>**DEFENDANT C&H SUGAR COMPANY, INC.'S ANSWER TO PETITION TO COMPEL ARBITRATION** |

　　　　Defendant C&H Sugar Company, Inc. ("C&H" or "Defendant") hereby responds to Plaintiff Sugar Workers Union, Local No. 1's ("Union" or "Plaintiff") Petition to Compel Arbitration ("Petition"). Any allegation of the Petition not specifically admitted herein is denied.

### PARTIES AND JURISDICTION

　　　　1.　　Defendant admits that Plaintiff is a labor organization as defined under 29 U.S.C.A. § 152(5) of the National Labor Relations Act. Defendant admits that Plaintiff exists in part for the purpose of providing standards of wages, hours, and working conditions, and negotiating and executing collective bargaining agreements on behalf of employees in an appropriate collective bargaining suit. Except as specifically admitted to herein, Defendant denies each and every remaining allegation set forth in Paragraph 1 of the Petition.

　　　　2.　　Defendant admits that it is a corporation in an industry affecting commerce within the meaning of § 301 of the Labor Management Relations Act. Defendant avers that it is a Delaware Corporation, with a facility in Crockett, California and is engaged in the business of

1

1  refining sugar. Defendant admits that it employs members of the Union. Except as specifically
2  admitted and/or averred to herein, Defendant denies each and every remaining allegation set
3  forth in Paragraph 2 of the Petition.
4         3.     Defendant admits that it was a party to a written Collective Bargaining Agreement
5  ("CBA") between the Union and Defendant. Defendant also admits that the CBA includes a
6  multi-step Grievance Procedure. Defendant admits that a copy of the CBA, which expired on
7  June 30, 2006, is attached as <u>Exhibit A</u> to the Declaration of Will M. Yamada. Defendant denies
8  that the terms of <u>Exhibit A</u> are in "full force and effect," as they expired on June 30, 2006.
9  Accordingly, Plaintiff has failed to allege the existence of a currently applicable contract.
10 Defendant admits that the parties' negotiated concerning a subsequent CBA, scheduled to expire
11 on June 30, 2009, but avers that Plaintiff has declined to execute this CBA. Defendant admits
12 that modifications to the expired contract agreed to between Defendant and Plaintiff are attached
13 as <u>Exhibit A</u> to the Declaration of Will M. Yamada. Except as specifically admitted and/or
14 averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 3
15 of the Petition.

## GENERAL ALLEGATIONS

17        4.     Defendant has insufficient information to admit or deny the allegations in
18 Paragraph 4 of the Petition, and on that basis denies them. However, Defendant avers that Tim
19 Shelton ("Shelton") was terminated on October 10, 2006 for being a "no call, no show" on
20 October 2, 3, 4, 5, and 6, 2006. Defendant denies the statements in former Union President, Jens
21 Aagaard's ("Aagaard") declaration attached as <u>Exhibit B</u> to the Declaration of Will M. Yamada.
22 Except as specifically admitted and/or averred to herein, Defendant denies each and every
23 remaining allegation set forth in Paragraph 4 of the Petition.
24        5.     Defendant denies that Aagaard grieved the termination of Shelton to any of
25 Shelton's Supervisors or any other employee of C&H. Defendant further denies that a
26 "grievance meeting" was held between Aagaard, Shelton, Union Business Agent Lawrence Ross
27 ("Ross"), and Defendant's Human Resources Manager Kyle Stradleigh ("Stradleigh") regarding
28 Shelton's termination. Defendant further denies that Ross and Aagaard asked that Shelton be

2

reinstated and that the Union presented evidence to support this request. Defendant also denies that Plaintiff submitted a written grievance and that Stradleigh told Shelton, Ross and Aagaard he would take any information under consideration. Conversely, Defendant avers that in mid-to-late October an investigation meeting was held, at which Aagaard orally informed Stradleigh that the Union would not be pursuing a grievance on behalf of Shelton. Defendant denies the statements in Ross's declaration attached as <u>Exhibit C</u> to the Declaration of Will M. Yamada. Except as specifically admitted and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 5 of the Petition.

6. As to the Union's first allegation in Paragraph 6 of the Petition, Defendant has insufficient information to admit or deny the allegation, and on that basis denies it. Defendant avers, however, that in late October 2006, Frank Wright ("Wright") violated C&H's anti-harassment and anti-violence policies. Specifically, witnesses observed him making inappropriate and crude racial slurs towards his East Indian co-worker, threatening (among other things) to "kick [his] ass," giving him the "finger" and, while exiting C&H property, jumping out of his vehicle and demanding the co-worker engage in fisticuffs. As to Plaintiff's second allegation, Defendant denies that a "grievance meeting" was held on October 23, 2006, regarding Wright's alleged "indefinite suspension." Defendant avers that no grievance meeting has ever been held regarding Wright. Except as specifically admitted and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 6 of the Petition.

7. Defendant has insufficient information to admit or deny the allegation in Paragraph 7 of the Petition, and on that basis denies it. Defendant avers, however, that Wright was terminated for violating C&H's anti-harassment and anti-violence policies on October 31, 2006. Except as specifically averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 7 of the Petition.

8. Defendant denies that Plaintiff filed a written grievance following Wright's termination. Conversely, Defendant avers that in early November 2006, Aagaard informed Stradleigh that the Union would not grieve Wright's termination. Except as specifically averred

1  to herein, Defendant denies each and every remaining allegation set forth in Paragraph 8 of the
2  Petition.
3      9. Defendant denies that between November 1, 2006 and December 14, 2006
4  Plaintiff asked for a copy of either Wright or Shelton's personnel files. Defendant also denies
5  the remaining allegations in Paragraph 9 of the Petition.
6      10. Defendant admits that it received correspondence on December 15, 2006, dated
7  December 14, 2006, referencing the personnel files of Wright and Shelton. Defendant denies
8  that any earlier written correspondence regarding said files occurred. Defendant avers that, as of
9  December 15, 2007, it had not received written grievances for the termination of Wright or
10 Shelton. Except as specifically admitted and/or averred to herein, Defendant denies each and
11 every remaining allegation set forth in Paragraph 10 of the Petition.
12     11. Defendant admits C&H Human Resources Manager Kyle Stradleigh wrote to
13 Plaintiff on December 18, 2006, informing Plaintiff that Defendant had never received
14 grievances filed on behalf of Wright or Shelton. Defendant denies Stradleigh's letter was
15 disingenuous and denies that the letter contradicted any purported previous discussions between
16 Plaintiff and Stradleigh regarding Wright and Shelton's termination. Conversely, Defendant
17 avers no grievances regarding the termination of Wright or Shelton were submitted to C&H until
18 January 2, 2007, and that those grievances were fraudulently back-dated and submitted. Except
19 as specifically admitted and/or averred to herein, Defendant denies each and every remaining
20 allegation set forth in Paragraph 11 of the Petition
21     12. Defendant admits that it received a letter from Plaintiff on January 2, 2007, dated
22 December 21, 2006, regarding Wright and Shelton, referencing their termination and personnel
23 files. Defendant avers C&H received Plaintiff's allegedly-filed grievances for the first time on
24 January 2, 2007. Defendant avers that these grievances, purportedly authored by Aagaard, are
25 unsigned. Defendant further avers that Aagaard has stated that he did not write, authorize, or
26 submit either grievance at the dates set forth therein, or at any subsequent time. Defendant avers
27 that Aagaard has also stated that, while acting as Union President, he informed Stradleigh that
28 the Union would not grieve the discharge of Shelton or Wright. Consequently, Defendant avers

4

Defendant C&H Sugar Company, Inc.'s Answer to Complaint to Compel Arbitration/
Case No. C 07-02203 EMC

that the allegedly-filed grievances were not authored by Aagaard and were fraudulently back-dated to avoid being dismissed as untimely. Except as specifically admitted and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 12 of the Petition

13.    Defendant admits that Plaintiff filed an Unfair Labor Practice Charge with the National Labor Relations Board regarding Plaintiff's request for the personnel files of Sarah Orullian, Shelton and Wright. Defendant denies that the Charge was brought on January 2, 2007, and avers that it was brought on January 4, 2007. Defendant further avers that on January 4, 2007, Defendant informed Plaintiff that its grievances regarding the termination of Wright and Shelton were untimely. Except as specifically admitted and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 13 of the Petition.

14.    Defendant admits that on January 31, 2007, Defendant provided Plaintiff with a complete copy of both Wright and Shelton's personnel files. Except as specifically admitted to herein, Defendant denies each and every remaining allegation set forth in Paragraph 14 of the Petition.

15.    Defendant admits that on February 15, 2007, Plaintiff corresponded with Defendant regarding the completeness of Wright and Shelton's personnel files. Defendant also admits that Plaintiff requested "a complete copy of the investigation conducted leading to the termination of Wright." Defendant avers, however, that it had already provided Plaintiff with complete copies of Shelton and Wright's personnel files. Except as specifically admitted and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 15 of the Petition.

16.    Defendant admits that on February 23, 2007, Defendant responded to Plaintiff's February 15, 2007 correspondence, and informed Plaintiff the Wright and Shelton personnel files were complete. Defendant avers that it informed Plaintiff that C&H would not release its "confidential internal investigation file" regarding Wright, and reiterated that any grievances regarding Wright or Shelton's discharge were untimely. Except as specifically admitted and/or

1  averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 16 of the Petition.

17. Defendant admits that on February 28, 2007, Plaintiff corresponded with Defendant and demanded arbitration "for Franklin Wright Jr. and all wages lost thereof." Defendant denies that Plaintiff's February 28, 2007 correspondence references the resolution of the "grievance at the prior steps." Except as specifically admitted and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 17 of the Petition

18. Defendant admits that on March 1, 2007, it sent a letter to Plaintiff stating the "recent demand for arbitration, dated February 28, 2007 is untimely," and that Defendant was thus, "unable to recognize [Plaintiff's] demand for arbitration." Defendant avers that it further reiterated that Plaintiff's grievance was untimely. Except as specifically admitted and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 18 of the Petition.

19. Defendant admits in part that a dispute exists between Plaintiff and Defendant regarding the "interpretation and/or application of the collective bargaining agreement." Defendant, however, denies that there are grievances pending for Wright and Shelton, and further denies that these grievances have been pending since October 9, 2006. Defendant avers that it first received grievances for the termination of Wright and Shelton on January 2, 2007. Therefore, no dispute exists because these grievances were untimely and, thus, invalid under the CBA. Except as specifically admitted and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 19 of the Petition.

20. Defendant admits that Section XX of the CBA attached as <u>Exhibit A</u> to the Declaration of Will M. Yamada includes a multi-step Grievance Procedure, but denies that it has an obligation under the CBA to submit "all disputes" to an arbitrator. Defendant avers that Plaintiff's grievances were untimely, fraudulently submitted, and invalid. Except as specifically admitted and/or averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 20 of the Petition.

21. Defendant denies that Plaintiff has sought arbitration since October 10, 2006, and avers that Plaintiff did not submit the subject grievances to Defendant until January 2, 2007. Defendant admits that it has refused arbitration, but denies that it has an obligation under the CBA to arbitrate the instant dispute, because Plaintiff's grievances were untimely, fraudulently submitted, and invalid. Except as specifically admitted to herein, Defendant denies each and every remaining allegation set forth in Paragraph 21 of the Petition.

22. Defendant denies that Plaintiff has complied with the CBA, and avers that the grievances of Wright and Shelton are both fraudulent and untimely. Except as specifically averred to herein, Defendant denies each and every remaining allegation set forth in Paragraph 22 of the Petition

## RESPONSE TO PLAINTIFF'S PRAYERS FOR RELIEF

1. Defendant denies that Plaintiff should be awarded the relief sought in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a claim upon which relief sought herein can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, by its conduct, is estopped from compelling arbitration of untimely grievances.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff makes allegations or claims that were not made the subject of a timely grievance filed by Plaintiff as required by the CBA, any arbitrator would lack jurisdiction with respect to any such allegations or claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are barred to the extent Plaintiff waived its rights to recover, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are barred to the extent Plaintiff is guilty of unclean hands in connection with the allegations set forth in the Petition.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent there was any fraud regarding the alleged submission of the purported grievances for Shelton and Wright.

### PRAYER FOR RELIEF

**NOW THEREFORE**, Defendant hereby respectfully requests the following relief:

1. That this Court deny Plaintiff's claims and dismiss its Petition with prejudice;

2. That Defendant be awarded its reasonable attorneys fees and costs incurred by Plaintiff's frivolous and fraudulent pursuit of this Petition, despite Defendant's request for dismissal; and

3. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: June 1, 2007                     SEYFARTH SHAW LLP


By: /s/ Jennifer Svanfeldt
G. Daniel Newland
Jennifer P. Svanfeldt
Attorneys for Defendant
C&H SUGAR COMPANY, INC.

SF1 28284798.1 / 32900-000010