WILL M. YAMADA, ESQ. (SBN 226669)
KATHLEEN N. MASTAGNI, ESQ. (SBN 244298)
**MASTAGNI, HOLDSTEDT, AMICK,**
**MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 I Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorney for Plaintiff,
Sugar Workers Union Local No. 1

DANIEL NEWLAND, ESQ. (SBN 087965)
JENNIFER SVANFELDT, ESQ. (SBN 233248)
**SEYFARTH SHAW LLP**
560 Mission Street, Suite 310
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant,
C&H Sugar Company, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUGAR WORKERS UNION LOCAL NO. 1, | Case No. 3:07-cv-02738-EMC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:        September 26, 2007 |
| C & H SUGAR COMPANY, | Time:        1:30 p.m. |
|  | Courtroom:   C, 15th Floor |
| Defendant. | Judge:       Hon. Edward M. Chen |

    Defendant C&H Sugar Company, Inc. ("Defendant") and Plaintiff Sugar Workers Union Local No. 1 ("Plaintiff") (collectively "the parties") jointly submit this Case Management Statement and Proposed order pursuant to the August 10, 2007 Clerk's Notice and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1. <u>Brief description of the events underlying the action</u>

   a. Plaintiff's Statement

Plaintiff and Defendant are parties to a collective bargaining agreement. Pursuant to this agreement, the parties have a grievance procedure culminating in binding arbitration. Plaintiff avers that they filed and pursued grievances on behalf of Frank Wright and Robert Tim Shelton pursuant to the grievance procedure. When the parties were unable to resolve their differences at the lower steps of the grievance procedure, the Plaintiff requested arbitration of each of these grievances. The Defendant has refused to proceed to binding arbitration on either case leaving the Plaintiff with no recourse but to institute these proceedings to compel the Defendant to binding arbitration pursuant to 29 U.S.C. § 152 and California Code of Civil Procedure § 1281. This action is brought pursuant to 29 U.S.C. § 152 *et seq.* and accordingly, this Court has original Subject Matter Jurisdiction of this case pursuant to 28 U.S.C. § 1331.

   b. Defendant's Statement

Defendant believes that Plaintiff is not entitled to arbitrate the instant case because the parties have not agreed to arbitrate the issues in dispute and because, among other things, the alleged grievances and request for arbitration are untimely, if not fraudulent.

   c. Joint Statement

On September 19, 2007 the parties reached a tentative settlement of this case. Without any admission of liability by either side, the parties have agreed to select an arbitrator for each grievance at issue in this matter. The parties reserve the right to raise all defenses during the arbitration and will leave it to the arbitrator to determine whether bifurcation is warranted and, if so, whether he or she will hear both procedural and substantive issues. Plaintiff has informed Defendant that they will dismiss this case without prejudice once the parties have actually selected an arbitrator for each case.

2. <u>The principal factual issues which the parties dispute</u>

The parties' factual investigations are still ongoing and no discovery has been propounded by either party. With that in mind, the following broad, general factual issues appear relevant at this time:

    a.    Plaintiff

        Whether grievances were brought forth and filed by the Union.

        Whether the Union requested binding arbitration for these grievances.

    b.    Defendant

        a.    Actual dates the grievances were allegedly submitted;

        b.    Actual dates the request for arbitration was allegedly submitted; and

        c.    Whether the alleged grievances and request for arbitration were fraudulently back-dated.

3. <u>The principal legal issues which the parties dispute</u>:

At this time, it appears that the following legal issues are implicated.

    a.    Plaintiff

        Whether the grievances filed by Plaintiff should be allowed to proceed to binding arbitration.

        Whether Defendant is required to raise any procedural defenses including defenses of timeliness at an arbitration as opposed to simply refusing to arbitrate the matter.

    b.    Defendant

        Whether Plaintiff's request for arbitration is barred because its alleged grievances and request for arbitration were untimely under the Collective Bargaining Agreement.

        Whether Plaintiff fraudulently back-dated its alleged grievances and request for arbitration and, therefore, is barred from requesting arbitration.

        Assuming the underlying grievances were timely and procedural compliant, was there any violation of the Collective Bargaining Agreement, and if any, the remedy for such violation.

4. <u>Other factual issues which remain unresolved</u>:

No factual issues concerning service of process, personal jurisdiction, subject matter jurisdiction or venue remain between the parties.

5. <u>The parties which have not been served and the reasons</u>:

All named parties have been served, and the parties do not contemplate adding any additional parties.

6. <u>The additional parties which the below-specified parties intend to join</u>:

None.

7. <u>Consent to assignment of this case to a United States Magistrate Judge</u>:

Defendant does not consent to a United States Magistrate Judge for jury trial. Plaintiff consents to use a United States Magistrate Judge for all further proceedings in this case.

## ALTERNATE DISPUTE RESOLUTION

The parties have filed an ADR Certification and Stipulation and [Proposed] Order Selecting ADR Process.

## DISCLOSURES

The parties have already exchanged initial disclosures.

## DISCOVERY

a.  Plaintiff

The Plaintiff does not anticipate the need for discovery in this matter, and if there is a need for discovery, given the nature of the proceeding before the Court, it will be limited. Plaintiff does not believe that discovery over the timeliness of the grievances is proper since that is an issued to be determined before the arbitrator.

b.  Defendant

Defendant intends to depose witnesses and propound written discovery, and otherwise conduct discovery in accord with the Local Rules and the Federal Rules of Civil Procedure.

Defendant anticipates initial discovery to include depositions of former and present Union elected committee members and representatives, as well as certain hourly Union employees.

1    Defendant anticipates it will conduct a forensic analysis of the Union's computer
2 to determine the exact date the alleged grievances and subpoena the Union's telephone and
3 facsimile records.

## MOTIONS

a. Plaintiff

The Plaintiff anticipates setting a hearing date on this petition to compel arbitration within the next three months. The Plaintiff does not anticipate any other motions.

b. Defendant

Defendant anticipates filing a dispositive motion.

## RELATED CASES

There are several similar cases pending in the Northern District Court between these same parties. These cases are:

a. *Sugar Workers Union Local No. 1 v. C&H Sugar Company, Inc.*, Case No. 3:07-cv-03280-JSW;

b. *Sugar Workers Union Local No. 1 v. C&H Sugar Company, Inc.*, Case No. 3:07-cv-03310-EMC; and

c. *C&H Sugar Company, Inc. v. Sugar Workers Union Local No. 1*, Case No. 3:07-cv-03855-MEJ.

## RELIEF

a. Plaintiff

The relief sought by Plaintiff is an order requiring the Defendant to arbitrate the pending grievances pursuant to the grievance procedure. The Plaintiff is also seeking reasonable attorneys' fees for having to enforce the arbitration agreement in court.

b. Defendant

This complaint should be dismissed on grounds of untimeliness and fraud. Any award of attorneys' fees, if any, should be decided by the arbitrator if it is determined that Plaintiff's grievances and request for arbitration were indeed timely and brought in good faith.

## SETTLEMENT AND ADR

The parties have reached a tentative settlement of this case. Plaintiff will dismiss this case without prejudice once the parties have selected an arbitrator for each case.

## NARROWING OF ISSUES

The issues in the case are already narrowly construed.

## EXPEDITED SCHEDULE

The parties agree that this case be handled on an expedited basis.

## SCHEDULING

Although the parties understand that this matter will be adjudicated by the Court in the manners provided for the making and hearing of motions, the parties offer the following dates, pursuant to the Court's scheduling order.

1. Expert Witness Disclosure

The parties agree that disclosures of expert witnesses will be completed by January 15, 2008.

2. Rebuttal Expert Witness Disclosure

The parties agree that rebuttal expert witness disclosures will be completed by February 1, 2008.

3. Discovery Cutoff

The parties agree that discovery should be concluded by April 18, 2008.

4. Dispositive Motions

The parties agree that dispositive motions shall be heard by June 20, 2008.

5. Pretrial Conference

The parties propose a pretrial conference date of August 11, 2008.

6. Trial Date

The parties propose a trial date of August 25, 2008

**TRIAL**

This case should be tried before the Court.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

a. Plaintiff

Plaintiff has filed its Certification of Interested Entities or Persons. Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

b. Defendant

Defendant is in the process of preparing its Certification and will file it shortly, unless the case is otherwise dismissed before then.

DATED: September 19, 2007

**MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER**

By  /s/ Will M. Yamada
   WILL M. YAMADA
   Attorneys for Petitioner

DATED: September 19, 2007

**SEYFARTH SHAW LLP**

By  /s/ G. Daniel Newland
   G. Daniel Newland
   Jennifer P. Svanfeldt
   Attorneys for Defendant C&H
   SUGAR COMPANY, INC.

SF1 28302034.1 / 32900-000010